UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALI LIEOGO,

        Petitioner,

v.

JOSEPH FREDEN, in his official capacity as Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement; STEVEN KURZDORFER, in his official capacity as Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement; TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; and KRISTI NOEM, in her official capacity as Secretary of Homeland Security,

        Respondents.

**SCHEDULING ORDER**

6:25-CV-6615-EAW

---

Petitioner Ali Lieogo ("Petitioner") is a civil immigration detainee currently held at the Buffalo Federal Detention Facility in Batavia, New York. Petitioner claims that he is being detained in United States Immigration and Customs Enforcement custody pending removal proceedings in violation of the United States Constitution and the Immigration and Nationality Act. Therefore, Petitioner has filed a petition seeking relief under 28 U.S.C. § 2241 (Dkt. 1) and a motion for temporary restraining order (Dkt. 2). Petitioner has paid the $5.00 filing fee.

-1-

Petitioner asks the Court to grant the petition for writ of habeas corpus or issue a temporary restraining order requiring his release or for a bond hearing on the merits within 7 days. Under 28 U.S.C. § 2243, the Court must "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." The statute further provides that the writ "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

"However, as courts in this district have observed, '[o]beying the explicit directives of section 2243 is not possible.'" *Hayon v. Reardon*, No. 20-CV-4668 (PKC), 2021 WL 25365, at *7 (E.D.N.Y. Jan. 4, 2021) (quoting *In re Habeas Corpus Cases*, 216 F.R.D. 52, 54 (E.D.N.Y. 2003)). Rather, the time limitations set forth therein are to be read in conjunction with the Rules Governing Section 2254 Cases in the United States District Courts, and Habeas Rule 4 provides that the judge may order a response to a petition "within a fixed time." *Oliphant v. Quiros*, No. 3;09CV1771(VLB), 2010 WL 2011026, at *1 (D. Conn. May 18, 2010) (quoting Rule 4).

Balancing the circumstances present here and the matters raised by Petitioner in the petition, the Court concludes that good cause warrants affording Respondents more time than is provided in § 2243 to provide a response to the petition, while at the same time recognizing the appropriateness of expediting the standard deadlines set forth in the Western District of New York's standing order, *In the Matter of E-Service of Habeas Corpus Cases Pursuant to 28 U.S.C. § 2241* (Apr. 11, 2018). Therefore, it is hereby

ORDERED that the Clerk of Court shall serve a copy of the petition, together with a copy of this Order, electronically via a Notice of Electronic Filing to the United States Attorney's Office, Western District of New York at USANYW-Immigration-Habeas@usdoj.gov; and it is further

ORDERED that within **14 days** of the date of this Order, Respondents shall file and serve an answer responding to the allegations in the petition; and it is further

ORDERED that within **14 days** of the date of this Order, Respondents shall file and serve, in addition to the answer, a memorandum of law addressing each of the issues raised in the petition and including citations to supporting authority and applicable sections of the Immigration and Nationality Act; and it is further

ORDERED that within **14 days** of the date of this Order, instead of an answer, Respondents may file a motion to dismiss the petition, accompanied by appropriate exhibits demonstrating that an answer to the petition is unnecessary; and it is further

ORDERED that Petitioner shall have **7 days** after service of the answer or motion to dismiss to file a written response; and it is further

ORDERED that after briefing and oral argument the Court may determine that an evidentiary hearing is warranted, and therefore to facilitate the expeditious resolution of this matter, *see* 28 U.S.C. § 2243 (requiring production of petitioner at any hearing), Respondents may not transfer Petitioner out of the United States until after the Court determines whether an evidentiary hearing is warranted; and it is further

ORDERED that oral argument is hereby set for **November 21, 2025, at 11:00 a.m.**, at the United States Courthouse, 100 State Street, Rochester, New York 14614. Counsel

must appear in person unless permission is granted to attend remotely based upon a request made at least 3 days prior to the appearance.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:     October 27, 2025
           Rochester, New York