UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALI LIEOGO,

             Petitioner,

      v.

JOSEPH FREDEN, in his official capacity
as Deputy Field Office Director, Buffalo
Field Office, U.S. Immigration & Customs
Enforcement; STEVEN KURZDORFER,
in his official capacity as Field Office
Director, Buffalo Field Office, U.S.
Immigration & Customs Enforcement;
TODD LYONS, in his official capacity as
Acting Director, U.S. Immigration and
Customs Enforcement; and KRISTI
NOEM, in her official capacity as
Secretary of Homeland Security,

             Respondents.

_____

**ORDER**

6:25-CV-6615-EAW

Petitioner Ali Lieogo ("Petitioner") is a civil immigration detainee alleging that that
he is being detained in United States Immigration and Customs Enforcement custody
pending removal proceedings in violation of the United States Constitution and seeks relief
under 28 U.S.C. § 2241. (Dkt. 1). Petitioner was held in Immigration and Customs
Enforcement custody in the Western District of New York at the time his petition was filed.
(*Id.*). Petitioner also filed a motion for a temporary restraining order. (Dkt. 2). On October
27, 2025, the Court issued an expedited briefing schedule setting the deadline for
Respondents to answer or move against the petition within 14 days, Petitioner's response

- 1 -

within 7 days thereafter, and oral argument on November 21, 2025. (Dkt. 3). On November 10, 2025, Respondents filed a motion to dismiss (Dkt. 7) and Petitioner filed a reply the same day (Dkt. 8).

On November 12, 2025, this Court issued orders in four separate cases commenced pursuant to 28 U.S.C. § 2241 (*Quituizaca Quituisaca v. Bondi*, 25-cv-6527; *Najeem v. Freden*, 25-cv-6584; *Mendoza v. Bondi*, 25-cv-954; and *Martinez v. Bondi*, 25-cv-6508), finding that noncitizens who are present in the United States without having been admitted or paroled are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are subject to detention under section 1226. At oral argument on the instant petition, the Court asked Respondents why, in light of those decisions, the petition in this case should not be granted to the extent it seeks a bond hearing, and the Court should not order that Petitioner receive a bond hearing at which the government bears the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk and at which the immigration judge must consider non-bond alternatives to detention or, if setting a bond, Petitioner's ability to pay. Respondents acknowledged that this Court's prior rulings in the four identified cases concern the same or similar challenges to the government policy or practice at issue in the instant petition and would direct the same outcome in this matter entitling Petitioner to a bond hearing. The Court agrees.

Accordingly, for the reasons that will be set forth in a more detailed decision to be issued in due course, the petition is granted to the extent that Petitioner seeks a bond hearing, the motion to dismiss is denied, and a bond hearing shall be conducted in accordance with the following terms:

1.      Petitioner shall be granted a bond hearing before an immigration judge ("IJ") on or before November 28, 2025.  If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2.      At this bond hearing, the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence.  In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3.      If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4.      Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5.      Respondents are hereby temporarily enjoined from transferring Petitioner outside this District pending a resolution of the petition because the Court finds that Petitioner's presence in the District is necessary to support the Court's resolution of the issues in the petition, including because it will enable Petitioner to fully participate in these proceedings and maintain adequate access to legal counsel.  *See* 28 U.S.C. § 2243 ("Unless the application for the writ and the return present only issues of law the person to whom

the writ is directed shall be required to produce at the hearing the body of the person detained.  The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.").  This temporary order extends to the transfer of Petitioner outside the country so as to maintain the status quo and solely so that the Court can make an informed decision about its authority to issue relief and whether any relief that it has the power to issue should be granted.

6.    Respondents are directed to file a status update with the Court on or before December 3, 2025.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    November 21, 2025
Rochester, New York

- 4 -